IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MICHAEL SHIPTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 20-cv-01926-LKG |
| ) | |
| v. ) | Dated:  March 31, 2023 |
| ) | |
| BALTIMORE GAS & ELECTRIC ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**<u>ORDER</u>**

      Plaintiff, Michael Shipton, has brought the above-captioned Family and Medical Leave Act ("FMLA") action against Defendants, Baltimore Gas and Electric ("BGE"), Exelon Corporation ("Exelon"), Exelon Business Services Company, LLC ("EBSC"), Michael Grosscup, Edward Wolford, Jeanne Storck and Bindu Gross, alleging violations of the FMLA related to the termination of his employment.  ECF No. 23.

      The parties have filed cross-motions for summary judgment, pursuant to Fed. R. Civ. P. 56, on the following three issues: (1) whether Plaintiff may bring his FMLA claims against Defendants Exelon, EBSC, Michael Grosscup, Edward Wolford, Jeanne Storck and Bindu Gross; (2) whether the claims in this action that are unrelated to the termination of Plaintiff's employment are time-barred under the FMLA; and (3) whether Plaintiff can prevail on his FMLA interference and retaliation claims.  ECF Nos. 42 and 50.

      Defendants have also moved to strike Plaintiff's reply brief for, among other things, untimeliness.  ECF No. 69.

      These motions are fully briefed.  ECF Nos. 42, 50, 51, 64, 65, 67, 69 and 72.  No hearing is necessary to resolve the motions.  *See* L.R. 105.6 (D. Md. 2021).

      A careful review of the record evidence in this FMLA matter shows that all Defendants except BGE should be dismissed from this case, because Exelon and EBSC were not Plaintiff's

employer and the individual Defendants in this action did not exert significant control over Plaintiff's FMLA leave.

Defendants have also shown that the FMLA's two-year statute of limitations applies to this case, because the undisputed material facts show that BGE did not willfully violate the FMLA with regards to Plaintiff's leave requests.

In addition, the unrebutted evidence in this case makes clear that Plaintiff cannot prevail on his FMLA interference and retaliation claims, because the undisputed material facts show that BGE terminated Plaintiff's employment based upon an honest belief that Plaintiff misused his FMLA leave in early 2018.

And so, for these reasons, the Court:

(1) **GRANTS** Defendants' motion for summary judgment;

(2) **DENIES** Plaintiff's cross-motion for summary judgment;

(3) **DENIES** Defendant's motion to strike;

(4) **DENIES-as-MOOT** Defendant's motion for leave to file a sur-reply; and

(5) **DISMISES** the amended complaint.

A Memorandum Opinion consistent with this Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby  
LYDIA KAY GRIGGSBY  
United States District Judge